**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

Paul T. Maloney
Assistant U.S. Attorney
Paul.Maloney@usdoj.gov
(503) 727-1000
*Reply to Portland Office*



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Scott Erik Asphaug
Acting United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

August 25, 2021

Bryan Francesconi
Federal Public Defender's Office
101 SW Main St. Suite 1700
Portland, OR 97204

Re:  *United States v. Cody Levi Melby*
     **Case Nos. 3: 21-cr-000002-IM and 3: 21-cr-00016-IM**
     **Plea Agreement Letter**

Dear Counsel:

1.  **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2.  **Charges**: Defendant agrees to plead guilty to Count 1 of the indictment in 3:21-cr-00016-IM: possession of a firearm in a federal facility, in violation of 18 U.S.C. § 930(b), and stipulate to the forfeiture allegation.

3.  **Penalties**: The maximum sentence is not more than 5 years' imprisonment, a fine of $250,000, up to a three-year term of supervised release, and a $100 fee assessment. Defendant agrees to pay the fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done.

4.  **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant including the related misdemeanor offense charged in 3: 21-cr-00002-IM. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

Revised May 2018

Bryan Francesconi
Re: Cody Levi Melby, Plea Agreement Letter
Page 2
August 25, 2021

5.  **Elements and Factual Basis**:  In order for defendant to be found guilty of Count One of the Indictment, possession of a firearm in a federal facility, the government must prove the following elements beyond a reasonable doubt:

    A.    **Count 1**:  That on or about January 8, 2021, in the District of Oregon:

        1.    The defendant possessed or caused to be present, or attempted to possess or cause to be present, a firearm or other dangerous weapon;

        2.    Defendant did so in a federal facility;

        3.    Defendant did so knowingly; and

        4.    Defendant did so with the intent that the firearm or other dangerous weapon be used in the commission of a crime.

    B.    **Factual Summary**: Defendant agrees that the government can prove the facts recited below beyond a reasonable doubt. On January 8, 2021, at approximately ___ p.m., defendant vaulted over a security fence surrounding the Mark O. Hatfield federal courthouse in Portland, Oregon. Defendant passed conspicuously posted signs indicating the premises as a federal court facility, and that possession of firearms and dangerous weapons was prohibited. Defendant walked to the front portico area near the entrance, drew a .45 caliber handgun from his waistband, leveled the weapon and fired. His rounds struck protective plywood that had been installed to protect the stonework on the columns supporting the building from damage during protest related vandalism. The plywood was damaged, but the stonework was not. Court security officers contacted defendant, arrested him, and searched his person. The officers seized the handgun and a switchblade knife from defendant. Defendant made statements about alt-right conspiracies, Q-anon, and "Stop the Steal." He said he shot at the building so that he could make a statement to a judge.

Investigators learned that in the days before this incident, defendant had posted a video to Youtube recorded outside the Salem capitol. Defendant called for using the insurrection act, called for veterans to arrest "traitors to the republic." Defendant went to assert his beliefs that ANTIFA is a terrorist organization and Black Lives Matter is a Marxist plot. On January 6, 2021, defendant was arrested by local law enforcement after he tried to enter the Salem capitol building while armed with a handgun. He was released on pretrial supervision conditions that prohibited him from possessing firearms when he entered the Hatfield Courthouse grounds.

Bryan Francesconi
Re: Cody Levi Melby, Plea Agreement Letter
Page 3
August 25, 2021

As a result of defendant's actions, facility workers had to remove the plywood and inspect the stonework for damages before reinstalling the government-owned protective coverings that were vandalized by defendant's bullet strikes. Government workers were able to repurpose the damaged plywood mitigating the losses to the government, but still had to expend government resources to remove, inspect, and reinstall the protective coverings.

6.  **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7.  **Relevant Conduct and Sentencing Guidelines**: The parties agree that defendant's relevant conduct and sentencing guideline calculation are as follows:

| Provision | Description | Offense Level Calculation |
|---|---|---|
| USSG § 2K2.5(a) | Unlawful possession of firearm with prior crime of violence/drug conviction | BOL=6 |
| USSG § 2K2.5(b)(1)(A) | Possession of a firearm within a federal court facility | +2 |
| **USSG § 2K2.5(c)(1)(a)(A)** | **Cross reference to USSG § 2X1.1** | |
| USSG § 2B1.1(a)(2) | Property damage or destruction | BOL = 6 |
| USSG § 2B1.1(b)(15) | Possession of a firearm in connection with the offense | **Increase to 14** |
| USSG § 3E1.1 | Acceptance of Responsibility | -2 |
| 18 U.S.C. § 3553(a) | All 3553(a) factors including mental health diagnoses | -1 |
| | **Total Offense Level** | **11** |

The parties estimates that defendant's Criminal History Category is I, however this is only an estimate and the Court will determine defendant's final Criminal History Category. If the parties' estimate is correct, defendant's advisory guideline range is 8-14 months' imprisonment (Zone B).

8.  **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a two-level reduction in defendant's offense level since defendant's offense level is less than sixteen. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal

Bryan Francesconi
Re: Cody Levi Melby, Plea Agreement Letter
Page 4
August 25, 2021

offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

9. **Joint Sentencing Recommendation**: The parties agree to recommend a five-year term of probation including all the mandatory conditions, and the following special conditions:
- 8 months' community confinement (to be reduced by time served in pretrial detention) which may be served at an in-patient treatment facility approved by the probation department (USSG § 5C1.1(e)(2));
- no contact within a three-block radius of the Hatfield Courthouse without prior permission of his probation officer;
- no frequenting or posting to websites containing content related to conspiring with or inciting others to commit acts of violence and installation of computer monitoring software to ensure compliance;
- mental health evaluation and treatment as recommended, including that defendant take all prescribed medications.

The USAO's recommendation is conditioned on defendant continuing to demonstrate an acceptance of responsibility as explained above.

10. **Disposition of Property**: Defendant further agrees to the firearms forfeiture allegation. By signing this agreement, defendant hereby voluntarily abandons all right, title, and any interest he may have in the gun seized during this investigation.

11. **Additional Departures, Adjustments, or Variances**: The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement. Defendant agrees not to seek any downward departures, adjustments, or variances to the advisory sentencing guideline range under the sentencing guidelines provisions, or under 18 U.S.C. § 3553, or to seek a sentence below that range, except as specified in this agreement.

12. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as

Bryan Francesconi
Re: Cody Levi Melby, Plea Agreement Letter
Page 5
August 25, 2021

provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that any of defendant's convictions under this agreement are vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

13.   **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

14.   **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer, and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

15.   **Breach of Plea Agreement**: If defendant breaches the terms of this agreement or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to, or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

16.   **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

Sincerely,

SCOTT ERIK ASPHAUG
Acting United States Attorney

/S/ *Paul T. Maloney*
PAUL T. MALONEY
Assistant United States Attorney

Revised May 2018

Bryan Francesconi
Re: Cody Levi Melby, Plea Agreement Letter
Page 6
August 25, 2021

*United States v. Cody Levi Melby*

Case Nos. 3: 21-cr-000002-IM and 3: 21-cr-00016-IM
Plea Agreement

    I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

27 Aug 21
Date

CODY LEVI MELBY
Defendant

    I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

August 27, 2021
Date

Bryan Francesconi
Attorney for Defendant

Revised May 2018